UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No. 8:01-cr-438-T-23TBM
 8:05-cv-162-T-23TBM

SIXTO RICHARDO SALAS ESTUPINAN

_____/

## O R D E R

Estupinan's motion to vacate sentence pursuant to 28 U.S.C. § 2255 (Doc. 1) challenges the validity of Estupinan's conviction for conspiracy to possess with intent to distribute cocaine while on board a vessel, for which offense he was sentenced to 135 months. The United States argues that the appeal waiver in Estupinan's plea agreement bars Estupinan from challenging his conviction in this collateral proceeding.

## FACTS[1]

Prior to November 11, 2001, the defendant and co-defendants agreed to work together in an effort to execute a plan which had as its goal the transportation of over five kilograms of cocaine, the exact amount subject to proof at sentencing, from Colombia to a place outside of Colombia with the intention of delivering such cocaine to other individuals. On November 11, 2001, agents of the United States observed the defendants while onboard two vessels in international waters in the Pacific Ocean. One of the vessels was a speed boat laden with cocaine which, at the time it was observed, was in the process of being refueled by the other vessel, a fishing vessel whose sole purpose was to refuel the cocaine-laden speed boat. Upon detection by U.S. agents, the defendants onboard the cocaine-laden speed boat boarded the fishing vessel, at which time individuals on the fishing vessel doused the cocaine-laden speed boat with fuel and set it ablaze. After setting the cocaine-laden speed boat ablaze, individuals on the fishing vessel proceeded to repeatedly ram the speed boat in an effort to sink it

---

[1] This summary of the facts derives from the plea agreement (Doc. 286). At the plea hearing Estupinan agreed with the facts and stated that he had no corrections or additions to offer. Transcript of Guilty Plea at 33 (Doc. 502).

and its cargo of cocaine.  Eventually, the defendant and co-defendants
were detained while onboard the fishing vessel.  The fishing vessel was
subject to the jurisdiction of the United States since it was a registered
Colombian vessel, and Colombia has waived objection to enforcement of
United States law by the United States.  The defendant and co-defendants
were first brought into the United States at a point in the Middle District of
Florida.

## APPEAL WAIVER

The United States correctly argues that Estupinan's grounds are not subject to review on the merits.  Estupinan's conviction is based on a negotiated plea.  The plea agreement specifically states that Estupinan "expressly waives the right to appeal defendant's sentence, directly or collaterally, on any ground except for an upward departure by the sentencing judge or a sentence above the statutory maximum or a sentence in violation of the law apart from the sentencing guidelines . . . ."  Plea Agreement ¶5 at 10 (Doc. 286).  Estupinan was sentenced to the guidelines minimum of 135 months imprisonment, which was neither an upward departure nor above the statutorily authorized maximum sentence.  Consequently, Estupinan's waiver of his right to challenge the guidelines sentence is controlling.

The magistrate judge ensured during the entry of the guilty plea that Estupinan understood the significance of the appeal waiver.

> THE COURT:  The last thing about sentencing that I want to point out in the written plea agreement . . . the plea agreement contains a waiver of appeal provision.  This is an important consideration.  By the language that is set out on page 10, each of you[2] is giving up your right to an appeal except in some very narrow circumstances.  By this language, you could take an appeal under two circumstances, one if you get an illegal sentence.  An example of an illegal sentence is one for more than what the law allows.  Second way that you could appeal would be if your sentence is a guidelines

---

[2] Estupinan and several of his co-defendants entered guilty pleas in a single proceeding.

- 2 -

>sentence and the judge calculates your sentencing range at this level, but then proceeds to sentence you in a higher range. We call that an upward departure, and you could appeal that upward departure.
>
>By this language, the only other way that you four could take an appeal is if the government appeals. . . . What you need to understand is that in practical terms this provision says that when you show up for sentencing, if the judge calculates your guidelines, appropriately sentences you within the guideline, you are going to be stuck with that sentence even if it turns out to be worse than you anticipated as long as it is lawful. Do you understand that waiver?
>
>. . .
>
>THE DEFENDANT ESTUPINAN: Yes, sir.

Transcript of Guilty Plea at 27-28 (Doc. 502). Estupinan was represented by counsel and assisted by an interpreter during the plea hearing. Estupinan's responses throughout the plea hearing indicate that Estupinan knowingly and voluntarily pleaded guilty.

>THE COURT: Mr. Estupinan, anybody promised you anything other than what is set out in you plea agreement in order to get you to plea?
>
>THE DEFENDANT ESTUPINAN: No, sir.
>
>THE COURT: Anybody threatened you in any way, or do you feel like you're being forced, or coerced into entering a plea here?
>
>THE DEFENDANT ESTUPINAN: No, sir.
>
>THE COURT: Now, you've been represented by Mr. Howie in these proceedings, do you have any complaints about anything that he's done on your behalf?
>
>THE DEFENDANT ESTUPINAN: No, sir.
>
>. . .
>
>THE COURT: We recognize that in our system you have an absolute right to have a trial and to contest these charges. So, if for any reason at all while you and I have been talking here today, any of you have started to think that perhaps you ought to go to trial rather than plead guilty. All you

> have to do is tell me that, and I'll stop that plea and put the matter on a trial docket. On the other hand, if each of you believes that you're guilty, or that it is in your best interest to plead guilty, and that's what you wish to do, then tell me that and we will wrap up the plea today. As I say, whatever choice you make, make it freely and voluntarily.
>
> . . .
>
> Mr. Estupinan?
>
> THE DEFENDANT ESTUPINAN: Guilty.

Transcript of Guilty Plea at 29 and 36 (Doc. 502). Estupinan's unsubstantiated allegation in ground two that he was coerced into pleading guilty is refuted by the record. Consequently, Estupinan is bound by his plea and the appeal waiver in the plea agreement. United States v. Bushert, 997 F.2d 1343, 1350 (" [I]n most circumstances a defendant's knowing and voluntary waiver of the right to appeal his sentence will be enforced by this circuit."), cert. denied, 513 U.S. 1051 (1994). Even if not waived, Estupinan's remaining challenges are meritless.

## GROUNDS

In ground one Estupinan challenges the validity of his sentence, which was based on the United States's attributing to him more than 150 kilograms of cocaine rather than only the 141 kilograms actually recovered. Estupinan erroneously relies on Apprendi v. New Jersey, 530 U.S. 466 (2000), and Blakely v. Washington, 542 U.S. 296 (2004), cases that are not applicable on collateral review. In re Dean, 375 F.3d 1287, 1290 (11th Cir. 2004) ("Because Blakely, like Ring [v. Arizona, 536 U.S. 584 (2002)], is based on an extension of Apprendi [v. New Jersey, 530 U.S. 466 (2000)], Dean cannot show that the

- 4 -

Supreme Court has made that decision retroactive to cases already final on direct review.").

In grounds three and four Estupinan argues that jurisdiction was not proper in the United States because the vessel was a registered Colombian vessel seized in international waters and the seizure violates the bilateral treaty between the United States and Colombia.  Estupinan is precluded from advancing these claims because when he pleaded guilty he agreed with the United States's factual allegation that "[t]he fishing vessel was subject to the jurisdiction of the United States since it was a registered Colombian vessel, and Colombia has waived objection to enforcement of United States law by the United States."  Plea Agreement, ¶ 9 at 13 (Doc. 286).  Consent by the Colombian government subjects the vessel to the jurisdiction of the United States.  "[A] 'vessel subject to the jurisdiction of the United States' includes — (C) a vessel registered in a foreign nation where the flag nation has consented or waived objection to the enforcement of United States law by the United States. . . ." 46 U.S.C. app. § 1903(c)(1). The jurisdictional arguments Estupinan advances were rejected in United States v. DeVilla, 217 F.3d 1009, 1014, 1017 (11th Cir. 2000), cert. denied, 534 U.S. 843 (2001).

Accordingly, the motion to vacate sentence pursuant to 28 U.S.C. § 2255 (Doc. 1) is **DENIED**.  The clerk shall enter a judgment against Estupinan and close this action.

ORDERED in Tampa, Florida, on February 6, 2008.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

- 5 -